## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH BUCCI, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| DARREN JAY EPSTEIN, ESQ., P.C.; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, ELIZABETH BUCCI, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, DARREN JAY EPSTEIN, ESQ., P.C. ("EPSTEIN"),  JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.       Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.       This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.       Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## **DEFINITIONS**

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## **PARTIES**

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the County of Kings, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      DARREN JAY EPSTEIN, ESQ., P.C. is law firm with offices location at 354 South Main Street, Suite 406, New City, New York 10956.

8.      Upon information and belief, EPSTEIN uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      EPSTEIN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ACTION ALLEGATIONS**

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York consumers residing in Kings County and their successors in interest (the "Class"), who were sent

debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

- All Kings County, New York consumers who were sent letters and/or notices from EPSTEIN concerning a debt owed to LEXINGTON MEDICAL GROUP, owned and which contained the alleged conduct.

   The class definition may be subsequently modified or refined.

   The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit B**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.      Whether the Defendants violated various provisions of the FDCPA including but not limited to:

             15 U.S.C. §§ 1692e *et seq*;1692e(2)(A); 1692e(5); and 1692e(10);

    b.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Sometime prior to January 10, 2017, Plaintiff allegedly incurred a financial obligation to LEXINGTON MEDICAL GROUP ("LEXINGTON").

16.    The LEXINGTON obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The LEXINGTON obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.    LEXINGTON is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.    Sometime prior to January 10, 2017, LEXINGTON, either directly or through intermediate transactions assigned, placed, or transferred the LEXINGTON obligation to EPSTEIN.

20.     The LEXINGTON obligation was placed with EPSTEIN for the purpose of collection.

21.     At the time LEXINGTON placed, or transferred the LEXINGTON obligation to EPSTEIN, the obligation was past due.

22.     At the time LEXINGTON placed, or transferred the LEXINGTON obligation to EPSTEIN, the obligation was in default.

23.     EPSTEIN, caused to be delivered to Plaintiff a letter dated January 10, 2017, concerning the alleged LEXINGTON obligation.  A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

24.     The January 10, 2017 letter was sent to Plaintiff in connection with the collection of the LEXINGTON obligation.

25.     The January 10, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26.     Upon receipt, Plaintiff read the January 10, 2017 letter.

27.     The January 10, 2017 letter stated in part:

> Re:     Creditor: LEXINGTON MEDICAL GROUP
> *DJE File # 2016-XXX*
> Amount Due: $140.00
>
> My office has been retained to collect on the above-referenced debt, for goods and/or services provided to you the above-named creditor.

28.     The January 10, 2017 letter further stated:

> If we have not heard from you within thirty (30) days of your
> receipt of this letter, we intend to recommend to our client that suit
> be filed.

29.     EPSTEIN, caused to be delivered to Plaintiff a letter dated May 2, 2017, concerning the alleged LEXINGTON obligation.   A copy of said letter is annexed hereto as **Exhibit B** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

30.     The May 2, 2017 letter was sent to Plaintiff in connection with the collection of the LEXINGTON obligation.

31.     The May 2, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32.     Upon receipt, Plaintiff read the May 2, 2017 letter.

33.     The May 2, 2017 letterhead read:

DARREN JAY EPSTEIN, ESQ., P.C.

Attorney At Law

34.     The May 2, 2017 letter stated in part:

## DO NOT IGNORE THIS LETTER

***************************************************

Client:  LEXINGTON MEDICAL GROUP.
Defendant: Elizabeth Bucci
**Total Claim: $140.00**

35.     At the time EPSTEIN sent the May 2, 2017 letter no lawsuit had been commenced against Plaintiff concerning the LEXINGTON obligation.

36.     At the time EPSTEIN sent the May 2, 2017 letter Plaintiff was not a "Defendant" in a lawsuit with LEXINGTON.

## POLICIES AND PRACTICES COMPLAINED OF

37.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit B**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Using a false representation as to the legal status of the debt;

    (c)    Threatening to take action not intended to be taken; and

38.    On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit B**, to at least 40 natural persons in the County of Kings, state of New York with one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

39.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

40.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

41.    15 U.S.C. §1692e(2)(A) prohibits a debt collector from making a false representation as the character or legal status of any debt.

42.    Defendant violated 15 U.S.C. §1692e(2)(A) by representing in the May 2, 2017 letter that Plaintiff was a "Defendant".

43.    The least sophisticated consumer upon reading the May 2, 2017, letter written on an attorney's letterhead, and seeing her name after the legal term "Defendant", would believe that a lawsuit has already been commenced against her.

44.    The least sophisticated consumer upon reading the May 2, 2017, letter written on an attorney's letterhead, and seeing her name after the legal term "Defendant", directly above the statement: "**Total Claim: 140.00**", would believe that a lawsuit has already been commenced against her for $140.00.

45.    15 U.S.C. §1692e(5) prohibits a debt collector from threatening to take any action not intended to be taken.

46.    Defendant violated 15 U.S.C. §1692e(5) by threatening to proceed with commencing a lawsuit against Plaintiff for $140.00, when it had no intention of commencing such action.

47.    15 U.S.C. §1692e(10) prohibits a debt collector from  using any false representation or deceptive means to collect or attempt to collect any debt.

48.    Defendant violated 15 U.S.C. §1692e(10) by representing in the May 2, 2017 letter that Plaintiff was a "Defendant".

49.    The least sophisticated consumer upon reading the May 2, 2017 letter, would believe that a lawsuit has already been commenced against her.

50.    Defendant violated 15 U.S.C. §1692e(10), as the May 2, 2017 letter  is misleading because the least sophisticated consumer upon reading the letter would believe: (1) that she was in fact a "Defendant" in a lawsuit, which has been commenced against her; or (2) that if she not pay the $140.00, she will become a "Defendant"  because lawsuit will be commenced against her.

51.    At least one of the above-readings is inaccurate.

52.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

53.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

54.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

55.    Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

56.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

57.    Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest;

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 30, 2018

                                      *s/ Joseph K. Jones*
                                      Joseph K. Jones, Esq.
                                      JONES, WOLF & KAPASI, LLC
                                      One Grand Central Plaza
                                      60 East 42nd. Street, 46th Floor
                                      New York, NY 10165
                                      (646) 459-7971 telephone
                                      (646) 459-7973  facsimile
                                      jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                      *s/ Joseph K. Jones*
                                      Joseph K. Jones, Esq.

# Exhibit

# A

# DARREN JAY EPSTEIN, ESQ., P.C.

*- Attorney at Law -*

254 South Main Street, Suite 406
New City, New York 10956
Telephone: (845) 634-1076
Facsimile: (845) 634-6801
E-mail: DarrenEpsteinEsq@gmail.com

*Member NY & PA Bar

January 10, 2017

ELIZABETH BUCCI


      **Re:**   Creditor: <u>LEXINGTON MEDICAL GROUP.</u>
              *DJE File #:* █████████
              Amount Due: $140.00

Dear Sir or Madam:

My office has been retained to collect on the above-referenced debt, for goods and/or services provided to you by the above-named creditor.

You have thirty (30) days from the date you receive this notice to dispute the validity of the debt or any portion thereof. If you do not dispute the validity of the debt or any portion of the debt, this debt will be assumed to be valid. If you notify this office within the thirty (30) day period that the debt or any portion thereof is disputed, we will obtain verification of the debt and mail you a copy of such verification or judgment. If the original creditor is different from your current creditor, we will provide you with the name and address of that original creditor, provided you request this office to do so, in writing, within thirty (30) days from the date you receive this notice.

If we have not heard from you within thirty (30) days of your receipt of this letter, we intend to recommend to our client that suit be filed.

If you acknowledge this debt and would like to make payment in full, please forward your payment to Darren Jay Epstein, Esq., P.C., P.O. Box 1917, New City, New York 10956, within the thirty (30) day period, to avoid litigation. Any payment(s) received after the thirty (30) day period will not be guaranteed as paid in full, so please contact this office to confirm receipt and that there is no further balance due pursuant to litigation and/or judgment costs granted by a Court of law.

Should there be any discrepancy or question, please call us.

Very truly yours,

DARREN J. EPSTEIN, ESQ.

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Exhibit

B

DARREN JAY EPSTEIN, ESQ., P.C.

*Attorney At Law*

254 South Main Street, Suite 406
New City, New York 10956
Telephone: (845) 634-1076
Facsimile: (845) 634-6801
E-mail: DarrenEpsteinEsq@gmail.com

DARREN J. EPSTEIN
Member NY & PA Bar

# DO NOT IGNORE THIS LETTER

Date: May 2, 2017
Client Ref: ███████

Dear Sir/Madam,

Client: LEXINGTON MEDICAL GROUP.
Defendant: ELIZABETH BUCCI
**Total Claim: 140.00**

We have been instructed by LEXINGTON MEDICAL GROUP. to recover the above debt which remains outstanding.

**DO NOT IGNORE THIS LETTER. FURTHER ACTION MAY BE TAKEN AT CONSIDERABLE COST TO YOU IF THE DEBT IS NOT CLEARED.**

In order to clear this debt and avoid further action being taken you need to contact us at 845-634-1076 as a matter of urgency with your proposals to clear this outstanding amount.

Very Yours Truly

DARREN J. EPSTEIN, ESQ.

Telephone: 845-634-1076 IMMEDIATELY TO DISCUSS PAYMENT
Payments can be made during office hours
Monday to Friday 9am – 7pm

Payment Methods – Credit / Debit Card
Check / ACH / Postal Order direct to the above address

THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.